Filed 3/13/25 In re M.R. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| In re M.R., a Person Coming Under the Juvenile Court Law. | B340007 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 22CCJP01906A) |
| Plaintiff and Respondent, | |
| v. | |
| E.R. et al., | |
| Defendants and Appellants. | |

APPEALS from an order of the Superior Court of Los Angeles County, Mary E. Kelly, Judge. Conditionally reversed and remanded with directions.

Terence M. Chucas, under appointment by the Court of Appeal, for Defendant and Appellant D.S.

Ernesto Paz Rey, under appointment by the Court of Appeal, for Defendant and Appellant E.R.

Dawyn R. Harrison, Interim County Counsel, Kim Nemoy, Assistant County Counsel and Kelly G. Emling, Deputy County Counsel, for Plaintiff and Respondent.

Taylor Lindsley for Minor.

E.R. (mother) and D.S. (father) separately appeal from the August 14, 2024 order terminating parental rights to their child M.R. (minor) pursuant to Welfare and Institutions Code section 366.26. Both parents contend the Los Angeles County Department of Children and Family Services (the Department) failed to satisfy its duty of initial inquiry under the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.).

No interested party filed a respondent's brief. Instead, counsel for all parties, including the Department, parents, and minor, filed a joint application and stipulation for conditional reversal and remand with directions to order the Department to inquire of maternal and paternal extended family members whether minor is or may be an Indian child and to file a report detailing its efforts and the results thereof.[1] The parties' stipulation further provides for the juvenile court to reappoint counsel for the parents and hold a noticed hearing to address ICWA compliance. Depending on the results of the inquiry, the juvenile court would either proceed in compliance with ICWA or reinstate the order terminating parental rights.

The parties agree, and we concur, that this case involves reversable error because there was noncompliance with the inquiry requirements of ICWA and related California statutes. Specifically, the Department had contact with paternal grandfather Refugio S. and paternal aunts Jennifer S. and Jessica H. but did not ask them about whether minor was or

_____

[1] The parties also request that the remittitur issue forthwith.

might be an Indian child.[2]  We further agree with the parties that (1) there is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the conditional reversal and remand; and (2) the reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement.  (Code Civ. Proc., § 128, subd. (a)(8).)

## DISPOSITION

The juvenile court's August 14, 2024, order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally reversed and remanded for proceedings required by this opinion.  The court shall order the Department to make reasonable efforts to interview available extended relatives, including paternal grandfather and paternal aunts,

---

[2] The parties' stipulation refers to minor's paternal grandfather and minor's "aunts and uncles" generally, and seeks an order on remand directing the juvenile court to order the department to "inquire of the maternal and paternal extended family members."  In his opening brief, father contends the record is silent on whether the Department asked a maternal aunt and uncle and a paternal uncle about minor's possible Indian ancestry.  Our disposition and directions on remand do not mandate inquiry of all maternal and paternal extended family members.  We defer to the juvenile court the determination of what additional inquiry is appropriate in the first instance.  The Department, however, may voluntarily undertake the inquiry it now concedes it should have taken.

3

about the possibility of the minor's Indian ancestry and to report on the results of the Department's investigation. Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the minor. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED.


MOOR, J.

I CONCUR:


KIM (D.), J.

In re M.R.

B340007


BAKER, Acting P. J., Dissenting


I would unconditionally affirm the juvenile court's order for substantially the reasons stated in my opinion in *In re J.F.* (Mar. 6, 2025, B332110) ___ Cal.App.5th ___ [2025 WL 718828] (dis. opn. of Baker, J.).


BAKER, Acting P. J.